**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **LANCEFORD TAYLOR,**<br><br>*Plaintiff,*<br><br>v.<br><br>**WARDEN JOHNSON ET AL.,**<br><br>*Defendant.* | CASE NO. 3:25-CV-482-CWR-LGI |

**ORDER ADOPTING REPORT AND RECOMMENDATIONS AND DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY**

This case arises from Lanceford Taylor's petition for a writ of habeas corpus filed on July 2, 2025. Docket No. 1. Defendant Warden Johnson filed a motion to dismiss. Docket No. 27. Plaintiff Taylor filed a motion for leave to amend and supplement his pleading. Docket No. 31. After reviewing the briefing on these motions, Magistrate Judge Isaac filed her Report and Recommendation, which advised dismissal of Taylor's petition with prejudice and denial of his motion to amend as futile. Docket No. 43. The Court now considers the objections Taylor filed against the Magistrate Judge's Report and Recommendation and his application for a certificate of appealability. Docket Nos. 45, 48.

Judge Isaac correctly determined that Taylor's petition is not entitled to statutory or equitable tolling and is thus untimely under 28 U.S.C. § 2244(d)(1)(A). Taylor's objections reiterate the facts of his case, which, in his view, amount to an illegal sentence, double jeopardy and a due process violation under the Fifth Amendment, a speedy trial violation under the Sixth Amendment, and cruel and unusual punishment under the Eighth Amendment. Docket No. 45 at 2-3, 5-6. In his objections, Taylor argues, for the first time, that

an "error affecting fundamental constitutional rights[,]" namely the right against double jeopardy, is exempted from procedural time bars. Docket No. 45 at 2 (citing *Graves v. State*, 969 So. 2d 845, 846-47 (Miss. 2007); *Fuselier v. State*, 654 So. 2d 519, 522 (Miss. 1995); *Caviness v. State*, So. 3d 917, 919 (Miss. Ct. App. 2008)). Taylor also argues that his illegal sentence claim as well as his Fifth Amendment and Sixth Amendment violation claims "are . . . sufficient to warrant equitable tolling." Docket No. 45 at 6 (citing *Ethridge v. State*, 800 So. 2d 1221, 1223-24 (Miss. Ct. App. 2002)). Plaintiff's objections are unavailing for two reasons.

First, "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). Taylor's fundamental right arguments with respect to the timeliness issue were first raised in his objections to Judge Isaac's Report and Recommendation. Docket No. 45. As such, they are not properly before this Court. Second, even if these arguments were properly raised, under 28 U.S.C. § 2244, there is no time bar exception for constitutional claims filed after the statute of limitation has expired. 28 U.S.C. § 2244(d)(1) (providing the rule that governs the statute of limitation for filing a writ of habeas corpus); *Williams v. Shaw*, No. 3:20-CV-778-DPJ-LGI, 2021 WL 3722337, at *2 (S.D. Miss. Aug. 23, 2021) ("AEDPA has no exception for constitutional claims and expressly precludes them if they are filed too late."). Therefore, Judge Isaac appropriately concluded that Taylor's petition is time barred and that any further amendments are futile.

This Court also denies Taylor's application for certificate of appealability. Docket Nos. 45 at 7, 48. In the event this Court adopts the Magistrate Judge's Report and

Recommendation, Taylor requests for a certificate of appealability to challenge this Court's ruling. *Id.* "[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the Court should issue a certificate of appealability "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). A petitioner must fulfill both prongs of this standard for a certificate of appealability to issue.

Here, the second prong is dispositive. As Judge Isaac notes, Taylor's conviction became final on July 31, 2023, and he did not file the instant petition until July 2, 2025, nearly a year after AEDPA's one-year statute of limitation expired on July 31, 2024. Docket No. 43 at 3. What is more, Taylor's constitutional arguments with respect to this timeliness issue were not properly brought before this Court and are unsupported by the legislation governing the statute of limitation. 28 U.S.C. § 2244(d)(1). In light of these facts, no reasonable jurist would find that the Court was incorrect in this procedural ruling.

For these reasons, the objections are overruled, and the Magistrate Judge's Report and Recommendation is adopted as this Court's own findings. Defendant's motion to dismiss is granted. Plaintiff's motion for leave to amend and supplement his pleading is denied. Plaintiff's application for certificate of appealability is also denied. A separate final judgment shall issue.

**SO ORDERED**, this the 18th day of September 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE